O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OMAR SHARIREFF GAY,  | ) | Case No. CV 11-05905 DDP (DTB) |
| Petitioner, | ) ) | |
| v. | ) ) | **ORDER DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION** |
| ANTHONY HEDGPETH, et al. | ) ) | [194 - Docket number 4] |
| Respondents. | ) ) | |

Presently before the court is Petitioner's "Motion Seeking Court Order For Preliminary Injunctive Relief Directing Respondents to Vacate and Set Aside the BPH's July 6, 2010 Decision to Deny Petitioner a Five(5) Years Parole Hearing." (Dkt. No. 4.) Having considered the submissions of the parties, the court denies the motion.

On May 18, 1989, Petitioner was convicted of attempted murder. Petitioner was sentenced to an indeterminate prison term of life with the possibility of parole on June 15, 1989. On July 6, 2010, Petitioner was denied parole. A further parole hearing was deferred for five years, pursuant to "Marsy's Law," California Penal Code section 3041.5. Marsy's Law, implemented after the

passage of Proposition 9 in 2008, amended section 3041.5 to increase the default period between parole hearings. Petitioner contends that the imposition of a five-year default period between parole hearings is an unconstitutional, ex post facto increase in his punishment. (Mot. at 2-3).

The plaintiffs in Gilman v. Davis, No. Civ. S-05-830 LKK (E.D. Cal.) raised class claims identical to Petitioner's ex post facto claim here. The Gilman court defined a class of "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." Order Amending Definitions of Certified Class (Dkt. No. 340) at 2, No. Civ. S-05-830 LKK (E.D. Cal. April 22, 2011). The Gilman court denied a class-wide motion for preliminary injunction brought on the same grounds as those raised by Petitioner here. Gilman, No. Civ. S-05-830 LKK, Dkt. No. 409.

The principle of res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation and citation omitted). The doctrine applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Id. (internal quotation omitted). Here, it appears that Petitioner is a member of the Gilman class. Res judicata therefore bars the instant motion for a preliminary injunction. See Epstein v. MCA, Inc., 179 F.3d 641, 649 (9th Cir. 1999) (citing Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 874 (1984) ("[A] judgment in a properly entertained class

1 action is binding on class members in any subsequent
2 litigation.")).
3     For these reasons, Petitioner's Motion is DENIED.

6 IT IS SO ORDERED.

9 Dated: June 12, 2012

                                DEAN D. PREGERSON
                                United States District Judge

3